IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KELLLY KELSO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-0814-CV-W-ODS |
| | ) | |
| PILOT TRAVEL CENTERS | ) | |
| and DAWN MUNTER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS (DOC. 4)

This is an employment discrimination case. Plaintiff is or was an employee of Defendant Pilot Travel Centers, and his supervisor is or was Defendant Dawn Munter. Plaintiff claims Defendants discriminated against him in violation of Missouri statutes because he suffered an injury on the job and filed a workers' compensation claim. Plaintiff also claims Defendants discriminated against him based on his disability and age.[1]

Munter moves to dismiss Plaintiff's claims. Munter argues she is not an "employer" under Missouri's workers' compensation statute. Munter also contends she cannot be held individually liable under Title VII or the ADA. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted).

*1. Munter is Not an "Employer" Under Mo. Ann. Stat. § 287.780*

An employee who has been discriminated against for exercising his or her

---

[1] Plaintiff concedes the Court should dismiss his claim Defendants violated his federal due process rights (Count 4).

workers' compensation rights can sue his or her "employer."  *See* Mo. Ann. Stat. § 287.780.  The definition of "employer" for workers' compensation purposes includes "[e]very person . . . using the service of another for pay."  Mo. Ann. Stat. § 287.030.1(1).

Munter asserts Counts 1-3 are claims for workers compensation discrimination.  Plaintiff does not dispute this assertion.  Munter argues Plaintiff failed to state a claim against her for workers' compensation discrimination because she is not an "employer" under Mo. Ann. Stat. § 287.780.  Munter claims she is not an "employer" because did not pay Plaintiff for his services–Pilot Travel Centers did.

In his opposition, Plaintiff does not claim Munter used his services for pay.  Rather, Plaintiff cites Mo. Ann. Stat. § 287.780 and argues "the term 'employer' would include individual defendant Dawn Munter, under the case of *Hill v. Ford Motor Co.*, 277 S.W.3d 659 (Mo. banc 2009)."

But *Hill* involved the definition of "[e]mployer" under the Missouri Human Rights Act (MHRA), not Missouri's Workers' Compensation Act.  *See* 277 S.W.3d at 669 (citing Mo. Ann. Stat. § 213.010(7)).  The MHRA definition of "[e]mployer" includes "any person directly acting in the interest of an employer."  Mo. Ann. Stat. § 213.010(7). This definition is more expansive than the workers' compensation definition and inapplicable to it.  *See* Mo. Ann. Stat. § 287.030.1(1).

Missouri's workers' compensation provisions are to be construed "strictly," Mo Ann. Stat. § 287.800.1, and Plaintiff's argument would contravene this objective.  The Court rejects Plaintiff's attempt to apply the MHRA definition of "employer" to his claims for workers' compensation discrimination.  The Court dismisses Munter from Counts 1-3 because she is not an "employer" under Mo. Ann. Stat. § 287.780.

*2. Plaintiff's Petition Includes State Law Claims Against Munter for*
*Age and Disability Discrimination*

In Count 5, Plaintiff contends he was discriminated against because of his disability "in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act [(ADA)] as amended."  But Title VII only prohibits discrimination on the basis of race, color, religion, sex, or national origin, not disability.  *See* 42 U.S.C. §

2000e-2(a)(1). Plaintiff has not stated a claim for relief under Title VII for disability discrimination.

Title I of ADA prohibits discrimination in employment on the basis of disability. *See* 42 U.S.C. § 12112(a). Munter argues she should be dismissed from Count 5 because there is no individual liability under ADA.

Although the Eighth Circuit has not held there is no individual liability under ADA, the Eighth Circuit has cited with approval other circuits that have done so. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). These other circuits base their holdings on the similarity between ADA's definition of "employer" (42 U.S.C. § 12111(5)(A)) and Title VII's definition of "employer" (42 U.S.C. § 2000e(b)). *See*, *e.g.*, *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999).

Since the Eighth Circuit has held Title VII does not impose liability on individual supervisors or coworkers, *see Lee v. State of Minn., Dept. of Commerce*, 157 F.3d 1130, 1135 (8th Cir. 1998), the Court is persuaded the Eighth Circuit would hold individual liability is likewise precluded under ADA. Plaintiff's ADA claim against Munter is dismissed.

Count 6 alleges Plaintiff was discriminated against because of his age. For reasons similar to those with ADA, district courts in this circuit have concluded there is no individual liability under the Age Discrimination in Employment Act (ADEA). *See*, *e.g.*, *Smith v. Bankers Life and Cas. Co.*, 519 F. Supp. 2d 964, 966-67 (S.D. Iowa 2007) (citing cases). The Court is persuaded these cases are correct. Plaintiff's ADEA claim against Munter in Count 6 is dismissed.

Notably, Plaintiff does not contend he stated a cause of action against Munter under ADA, ADEA, or Title VII. Rather, Plaintiff argues MHRA "covers the same allegations of discrimination that are mentioned in Counts [sic] V for [d]isability and also Count VI for age discrimination." Although Plaintiff failed to cite MHRA in pleading Counts 5 and 6, this does not restrict the Court from construing his petition broadly to include that statute. *See Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002) ("Phillips's failure to identify the correct statutory section does not limit us in construction of his complaint, so long as the complaint pleads facts that state a cause of action under

the correct section" (citation omitted)), *abrogated on other grounds*, *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

MHRA provides a cause of action for age discrimination and disability discrimination. *See* Mo. Ann. Stat. §§ 213.055.1(1), 213.111.1. The Court already has mentioned the Missouri Supreme Court's decision in *Hill*, which held MHRA's definition of "[e]mployer" included individual supervisors and coworkers. *See* 277 S.W.3d at 669. Under MHRA, Munter can be held individually liable for disability discrimination in Count 5 and age discrimination in Count 6.

*Conclusion*

Munter is dismissed from Plaintiff's workers' compensation claims (Counts 1-3) and the federal claims in Counts 5 and 6. Munter's motion is denied with respect to Plaintiff's claims under MHRA in Counts 5 and 6. Plaintiff's due process claim (Count 4) is dismissed as to both defendants.

IT IS SO ORDERED.

DATE: December 7, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT